Buford *v.* Cox.

ELIZABETH BUFORD *et als. v.* A. COX *et als.*

1. CLERK AND MASTER'S BONDS. *Sureties. Liability.* The sureties upon the several bonds of a Clerk and Master signed the bonds at different times and places; upon the meeting of the court several of them appeared before the Chancellor and acknowledged the same, others did not; *held,* that all were liable, those who did not acknowledge as well as those who did.

2. SAME. *Acknowledgment. Escrow.* After the acknowledgment of the bonds, the sureties thus acknowledging are precluded from the defense that the same was delivered as an escrow.

3. SAME. *Special Commissioner.* Where a bond is executed by the Clerk and Master as special commissioner, the sureties are liable for any default as special commissioner, though the Clerk and Master was never appointed special commissioner by a general appointment or by decree in the several causes in which he has acted as such.

4. SAME. *Sureties.* Where money or property came into the hands of the Clerk and Master by virtue of his official position otherwise than as commissioner or receiver, the sureties on his bond as Clerk and Master are liable.

---

FROM GILES.

---

Appeal from the Chancery Court at Pulaski. W. S. FLEMING, Ch.

T. M. JONES, W. H. McCALLUM, J. S. WILKES, E. T. TALIAFERRO and S. E. ROSE for complainants.

N. SMITHSON and J. A. TINNON for defendants.

McFARLAND, J., delivered the opinion of the court.

The questions for determination in these causes are, 1st. Whether any of the defendants sued as the sure-

ties of A. Cox, former Clerk and Master of the Chancery Court at Pulaski, upon his several bonds, are, for any of the reasons set forth in their answers, to be released from liability.

A vacancy having occurred in the office of Clerk and Master at Pulaski, S. D. Frierson, Chancellor of the division, in vacation, to-wit, on the 2d of June, 1865, appointed said Cox to the office. The order of appointment shows that Cox gave the required bonds, and took and subscribed the proper oath, and the oath in due form appears in the record.

Four bonds were executed by said Cox and a number of sureties, dated the 29th of May, 1865. It is not denied that each of the several sureties sought to be charged thereon in fact signed said bonds at or about the time of Cox's appointment. They signed the bonds at different times and places, at the request of Cox; they did not then, however, appear before the Chancellor and acknowledge the execution of said bonds, nor does it in proof appear when said bonds were delivered to the Chancellor. When the court met in September, 1865, an order was made showing that said bonds were delivered to the Chancellor at the time of the appointment, and an attestation made by the Chancellor shows that all of the sureties except two, R. W. Pillow and P. T. Cox, then, on the 15th of September, 1865, appeared before the Chancellor and acknowledged the execution of the bonds to which their names had been previously signed and they were entered of record.

The defense in behalf of Pillow and E. T. Cox,

is upon the ground that they did not appear before the Chancellor and acknowledge the execution of the bonds. As to Pillow, it is also insisted that after first signing the bonds he changed his purpose and requested Cox to have his name erased, and refused to appear and acknowledge the execution of the bonds.

The argument is also made in behalf of several of the sureties that they executed and delivered the bonds to Cox in the first instance as escrows, to take effect upon condition that the bonds were executed by others, who failed to do· so. This defense, however, is not very clearly set forth in the answers. It is insisted that the · acknowledgment of the bonds before the Chancellor was upon the condition that the other sureties, E. T. Cox and Pillow, also acknowledged it.

It is very clear that all the sureties who appeared before the Chancellor and acknowledged the execution of the bonds on the 15th of September, are bound by their terms. If any condition had been annexed to their execution of the bonds in the first instance, they undoubtedly became bound from that time. It is clear that the Chancellor could not, and did not induct this Clerk and Master into office upon the faith of bonds which were to take effect only upon the condition specified. *The State* v. *McLean*, 8 Heis., 22. In fact there is no proof to sustain such a condition, if it were even allowable. There is some proof of conversations in regard to the executions of the bonds in the first instance, to the effect that Cox expected or promised to obtain certain other persons as his sureties, but the proof fails to make a case of a delivery as an escrew,

to take effect upon the conditions named, even in regard to the execution of the bonds in the first instance, but after the acknowledgment, all such questions are precluded.

The only question, we think, admitting of much discussion, is in regard to the liability of E. T. Cox and Pillow, but we are of opinion that they are also liable. The record, we think, establishes that they executed the bonds in the first instance, and by their authority they were delivered, and upon the faith of said bonds A. Cox was inducted into office on the 2d of June, 1865, and his term of office began from that date.

It is true that the statute requires they shall be acknowledged before the Chancellor and entered at length upon the minutes of the court at the first term after the appointment, but all these provisions were intended to secure the public, to leave no room for questions or doubt as to the due execution of the bonds. It was not, however, intended that a failure to observe these directions should release the surety, when in fact he had executed the bonds and the clerk inducted into office upon the faith thereof. If there were any doubt of this upon general principles, that doubt is removed by sections 773, 774, 774, 776 of the Code, which in substance expressly declare, that where an officer acts under a bond or receives money or property, upon the faith of a bond which is not in the penalty payable or conditioned as required by law, or is otherwise defective, such bond is not void, but stands in the place of the official bond, and

the officer and his sureties are estopped to deny its validity.

We hold that there is no ground to discharge any of the sureties, except McClure, who was discharged upon a plea of bankruptcy, and as to whom there was no appeal. There were four bonds executed, the two for securing fines and forfeitures and public taxes, need not be noticed. 3d. A bond in the penalty of $10,000, conditioned to well and truly keep the records of said office and faithfully discharge the duties of said office according to law during his term. This is the regular statutory bond as Clerk and Master. 4th. A bond in the penal sum of $25,000, conditioned to collect and pay over moneys by him collected, as commissioner of said court, under any order of said court, and well and truly make his return as commissioner. This was intended to meet the requirement of the act of 1849, ch. 150, sec. 2, Code, section 328.

It is argued upon behalf of the sureties upon this last named bond, that they are not liable for any default of Cox as special commissioner, because he was never appointed special commissioner, either by a general appointment or by decree in the several cases in which he acted. The Chancellor held that this was not necessary, but the liability attached in all cases where the duties performed by Cox under the decrees of the court were the duties of a special commissioner and not those of Clerk and Master proper. This we think was correct. It was not necessary that when the master was ordered to perform any duty which

did not properly pertain to the office of Clerk and Master, that he should be styled "special commissioner." It is enough that the Clerk and Master was ordered to perform the duties, and that the duties were not those pertaining to the office of Clerk and Master proper.   This would make him, as to these duties, special commissioner or receiver.   It was said by Judge Sneed, in the case of *State Ex Rel.* v. *Blakemore,* 7 Heis., 638, that the office of commissioner was attached to that of Clerk and Master by the act of 1852, although the liability on the bonds were kept separate.

The Chancellor also held that in all cases where money or property came to the hands of A. Cox by virtue of his official position otherwise than as commissioner or receiver, his sureties on his bond as Clerk and Master were liable.   We are of opinion that this was also correct; see the case of 7 Heiskell, above referred to, and the case of *Waters* v. *Carroll,* 9 Yer., 102.

The decree of the Chancellor will be affirmed and the cause remanded, the appellants paying the costs of this court.